The People of the State of New York, Respondent, *v.* Clarence J. Ressler, Jr., Appellant.

Third Department, July 26, 1965.

8

*Frank A. Tate, Jr.,* and *Franklin P. Gavin* for appellant.

*M. Andrew Dwyer, District Attorney,* for respondent.

REYNOLDS, J. This is an appeal from a judgment of the County Court, Rensselaer County, convicting the appellant of the crime of manslaughter in the first degree.

Appellant stands convicted of the crime of manslaughter in the first degree in the death of one Maxwell Slick. He claims here that a certain statement made by him to law-enforcement officials should have been excluded from evidence at his trial.

The record reveals the following facts. Slick's death was discovered at approximately 8:00 P.M. on July 23, 1963. At 1:00 A.M. on July 24 appellant, among others whose names appeared in an address book belonging to the deceased, was taken to the Troy Central Police Station for questioning. This questioning lasted until 3:00 A.M., when appellant was released. During the early afternoon of July 24, however, appellant was again taken into custody for further questioning. At this point appellant's mother called the law office of Mr. Frank Tate, Jr., who had previously represented appellant. Mr. Tate was out of the office but his law clerk, Lionel Sacks, called the police station and after informing the police that Mr. Tate represented appellant inquired as to why appellant had been taken into custody. Chief Detective Rokjer informed Sacks that appellant was just undergoing "routine questioning" and that appellant was not in need of the services of an attorney at that time. Shortly thereafter (the whole questioning period took only 30 minutes) appellant made the statement involved and was "booked".

Admittedly there was here no request for access by an attorney and denial by the police (*People* v. *Donovan*, 13 N Y 2d 148; *People* v. *Failla*, 14 N Y 2d 178), no unheeded demand by counsel that statements not be taken in his absence (*People* v. *Gunner*, 15 N Y 2d 226), and no request by appellant for counsel (*People* v. *Noble*, 9 N Y 2d 571). Nevertheless, if we correctly interpret *People* v. *Sanchez* (15 N Y 2d 387) we must find that the statement involved should have been excluded. In *Sanchez*

(*supra*) FULD, J., writing for the court (p. 389) stated: "These facts bring the case squarely within our decisions in *People* v. *Donovan* (13 N Y 2d 148), *People* v. *Failla* (14 N Y 2d 178) and *People* v. *Gunner* (15 N Y 2d 226), and it matters not, insofar as application of the rule therein stated is concerned, whether the defendant, when taken into custody, was regarded by the police as ' accused ', ' suspect ' or ' witness '. The significant or operative fact in such cases is that the defendant confessed or otherwise incriminated himself while being interrogated by the police in the absence of counsel after he had requested the aid of an attorney *or one retained to represent him had contacted the police.*" (Emphasis added.)   (See, also, *People* v. *Gunner, supra,* p. 232.)

Concededly Sacks did not, like the attorney in *Sanchez,* express a desire to see and speak with his client prior to his making the statement, but at the same time the police were clearly aware prior to the taking of the statement that appellant was represented by counsel and yet neither informed the attorney that the " routine questioning " had changed to the point where appellant was about to make a statement nor informed appellant that an attorney had called and was available to represent him if he so desired.   The inaccurate and misleading representations that " there was no need of any lawyer " and that there was " nothing wrong " were, whether or not so designed, effective to prevent a demand that questioning cease or that counsel be permitted to confer with the defendant.   A new trial must therefore be ordered at which any statements made after Sacks communicated with the police are to be excluded.

The judgment of conviction should be reversed, on the law and the facts, and a new trial ordered.

HERLIHY, J. P. (dissenting). The majority, recognizing that there are no decisions which control the present facts, feel compelled nevertheless to reverse and grant a new trial.  *People* v. *Sanchez* (15 N Y 2d 387, 389) does not mandate such action for there the court found that the " attorney, previously retained by the defendant, advised the police (by telephone and in person) that he wished to see and speak with his client ".

What happened here is substantially different. The defendant and his wife were taken to police headquarters, questioned and thereafter released.   In the afternoon of the same day the defendant was taken again to police headquarters, further questioned and eventually made a statement.   This suspect was not beguiled, inept or misinformed.

At the trial which was held in December, 1963 the Chief of Police was cross-examined by experienced criminal trial counsel

as to whether the defendant had requested a lawyer and the following colloquy took place:

" Q. And you told Mr. Tate's office that there was no necessity of him having a lawyer; he didn't need any lawyer? A. That's incorrect.

" Q. Well, what did you say? A. Inquired of why I wanted Ressler at the Police Station and I informed them that we wanted to question him. We weren't certain of anything. We just wanted to talk to him about a case.

" Q. Didn't you tell Mr. Tate's office there was no need of any lawyer, ' Don't get excited; that there's nothing wrong ' ? A. Well, at that time that's right."

Counsel did not attempt to further pursue the interrogation, did not object or except at that time or during the *voir dire* proceedings instituted by the trial court with reference to the confession nor was any request to charge directed to the court.

After reading the record of the original trial, the inescapable conclusion is that this defendant had a fair and impartial trial, that his constitutional rights were guarded with unusual caution and zealously protected.

When the appeal from the judgment of conviction was before us, we withheld our decision and remitted for a hearing as to the voluntariness of the confession as outlined in *Jackson* v. *Denno* (378 U. S. 368) and *People* v. *Huntley* (15 N Y 2d 72).

In accordance with our order, the hearing took place on February 10, 1965. The Judge, after seeing and hearing the witnesses, found " defendant Ressler did not request to see counsel or any members of his family. Neither did counsel, retained by his mother, demand access or instruct the police to refrain from questioning Ressler ". (See *People* v. *Hocking,* 15 N Y 2d 973.)

The record sustains the finding and does not justify a further expansion of an already extended rule. I do not agree with the majority interpretation of the representations made by the Chief of Police. At the trial, defendant's counsel apparently did not so interpret them, but in any event when the attorney telephoned, it was his affirmative obligation to request that the suspect not be questioned further.

I vote to affirm the judgment of conviction.

TAYLOR, AULISI and HAMM, JJ., concur with REYNOLDS, J.; HERLIHY, J. P., dissents and votes to affirm in an opinion.

Judgment reversed, on the law and the facts, and a new trial ordered.